USDC SD...
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/24/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHLEEN JURMAN,

                          Plaintiff,

-against-

NANCY A. BERRYHILL,
Acting as Commissioner of Social Security,

                          Defendant.

16-cv-6874 (NSR)(PED)

ORDER AND OPINION

NELSON S. ROMÁN, United States District Judge:

      Plaintiff Kathleen Jurman ("Plaintiff") commenced this action, pursuant to 42 U.S.C. § 405(g), challenging the administrative decision of the Commissioner of Social Security ("the Commissioner"), which denied Plaintiff's applications for Social Security disability insurance benefits ("DIB") under the Social Security Act (the "Act"). This case was referred to Magistrate Judge Paul Davison ("MJ Davison"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), to issue a Report and Recommendation ("R & R") on Defendant's motion for judgement on the pleadings. Now before the Court is MJ Davison's R & R, recommending that Defendant's motion be denied, Plaintiff's motion be granted and the matter be remanded for further administrative proceedings. (*See* Docket No. 25.) For the following reasons, the Court adopts MJ Davison's R & R in its entirety, and Defendant's Motion for Judgment on the Pleadings is DENIED and the matter is remanded for further proceedings.

## BACKGROUND

      The following facts are taken from the administrative record and the parties' submissions. In May 2011, Plaintiff applied for DIB. Plaintiff alleged she had been disabled since June 30, 2010 due to panic attacks, depression, anxiety, atypical facial pain and pain in her left shoulder, neck,

1

lower back and legs. On or about September 7, 2011, Plaintiff's application was denied. Plaintiff requested and was granted a hearing. Plaintiff appeared before an administrative law judge ("ALJ") for a hearing on August 7, 2012, which resulted in a negative determination. Plaintiff appealed to the Appeals Council, who remanded the matter back to the ALJ for further proceedings. Plaintiff appeared by counsel before the ALJ and presented additional evidence. Following the conclusion of the hearing, the ALJ denied Plaintiff's application as memorialized in a decision dated November 21, 2014. Plaintiff appealed the November 21, 2014 decision to the Appeals Council for further review. On July 6, 2016, the Appeals Council denied Plaintiff's request. Thereafter, on August 31, 2016, Plaintiff filed the instant action seeking to overturn the ALJ's determination.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (*quoting Nelson v. Smith*, 618 F. Supp. 1186,

2

1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R & R, those parts must be reviewed *de novo*. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on the whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## DISCUSSION

Defendant did not timely object to the R & R. Thus, the Court reviews the R & R for clear error. In denying Defendant's motion, MJ Davison determined, *inter alia*, that the ALJ failed to accord proper weight to Plaintiff's treating physician's opinion. Further, the ALJ only provided conclusory statements for rejecting Plaintiff's treating physicians' clinical findings of decrease

range of motion to plaintiff's shoulders and back, and failed to address diagnostic findings which were relevant and supported Plaintiff's claim of disability. This Court agrees. Having found no clear error, Defendant's motion must be denied.

## CONCLUSION

For the reasons stated above, the Court adopts MJ Davison's R & R in its entirety. Defendant's Motion for Judgment on the Pleadings is DENIED, Plaintiff's motion is GRANTED and the matter is remanded for further proceedings consistent with the R & R. The Clerk of Court is respectfully directed to terminate the motions at ECF No. 16 and 20,and to remand the matter for further proceedings.

Dated: May 24, 2018
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN